IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BOSCO CREDIT II,  §  | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:21-cv-137 | |
| § | | |
| ROMAN V. GONZALEZ & § | | |
| GLENDA D. GONZALEZ, § | | |
|    Defendants. § | | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 14, 2021, Plaintiff Bosco Credit II, LLC, filed a complaint against Defendants Roman V. Gonzalez and Glenda D. Gonzalez ("Defendants") seeking a declaratory judgment on a trespass to try title claim and a writ of possession. Dkt. No. 1. Bosco Credit purchased the Defendants' home at a foreclosure sale.

The Defendants did not timely appear and defend themselves. On November 30, 2021, the Court issued an entry of default against the Defendants. Dkt. Nos. 11, 12.

Pending before the Court are two motions: (1) a motion to lift the entry of default, filed by the Defendants; and (2) a motion for default judgment filed by Bosco Credit. Dkt. Nos. 10, 16. The motions are fully briefed. Dkt. Nos. 17. 18. 20, 23.

After reviewing the record and the relevant case law, the Court recommends that (1) the motion to lift the entry of default be denied and (2) the motion for default judgment be granted.

**I.      Background**

In deciding a motion for default judgment, the Court accepts all well-pled factual allegations in the complaint as true. <u>Nishimatsu Constr. Co., v. Houston Nat. Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975). The factual background is taken from the complaint, with that principle in mind.

On November 17, 2006, Roman Gonzalez executed a Promissory Note in the amount of $17,250.00 payable to MILA, Inc. d/b/a Mortgage Investment Lending Associates, Inc. Dkt. No. 1, p. 3. On that same day, Roman and Glenda Gonzalez executed

1

a deed of trust, giving MILA a security interest in their property, commonly known as 333 Valle Alto Drive, Los Fresnos, Texas, 78566 and legally described as:

> LOT SEVEN (7), BLOCK SEVEN (7), VALLE ALTO EAST SUBDIVISION, PHASE THREE (3), CAMERON COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN CABINET 1, SLOTS 1850 (B) AND 1851 (A), MAP RECORDS OF CAMERON COUNTY, TEXAS.
> Dkt. No. 1, pp. 3-4.

This loan was a second lien on the home. The primary lien on the home was for $92,000. Dkt. No. 16-2, p. 2.

On August 18, 2020, MILA's interest in the deed and note was assigned to Wilmington Savings Fund Society, FSB, not in Its Individual Capacity but Solely as Certificate Trustee of Bosco Credit II Trust Series 2019-1. Dkt. No. 1, p. 4.

The Defendants failed to meet their obligations on the note and the property was foreclosed upon. Dkt. No. 1, p. 4. On October 6, 2020, Bosco Credit purchased the property at a non-judicial foreclosure sale. Id. The Defendants have failed to leave the property. Id.

On December 30, 2020, Bosco Credit filed a petition for forcible detainer in state court. Dkt. No. 1, p. 5. On January 29, 2021, Bosco Credit filed a motion to nonsuit without prejudice, which the state court granted. Id. After the nonsuit was granted, the Gonzalezes filed a counterclaim that the foreclosure sale was void and filed a motion to reinstate the case. Id. The state court granted the motion to reinstate. Id.[1]

On September 14, 2021, Bosco Credit filed a complaint in this Court, claiming trespass to try title and seeking a declaratory judgment that it is entitled to a writ of possession. Dkt. No. 1.

Roman Gonzalez was served via hand-delivered personal service on September 16, 2021. Dkt. No. 7. This action sufficed as service. FED. R. CIV. P. 4(e)(2)(A). Glenda Gonzalez was served when the summons and papers intended for her were personally

---

[1] On January 11, 2022, the state court dismissed the forcible detainer action "for want of jurisdiction." Dkt. No. 21-1. Thus, there is no longer any parallel litigation in this case.

served on Roman Gonzalez. Dkt. No. 8.  This action sufficed as personal service on her. FED. R. CIV. P. 4(e)(2)(B).

On November 8, 2021, Bosco Credit requested an entry of default against the Defendants and filed a motion for default judgment. Dkt. Nos. 9, 10.  The Defendants did not respond to either motion.

On November 30, 2021, the District Clerk's Office filed an entry of default against the Defendants. Dkt. Nos. 11, 12.

On December 13, 2021, the Defendants appeared and filed a motion for leave to file a motion to dismiss and a motion to set aside the entry of default. Dkt. No. 16.  The Defendants argue that the entry of default should be set aside because they "took quick action to correct the default," and that the default was "due to accident or mistake." Id.

Counsel for the Defendants filed an affidavit, stating that the Defendants contacted him about the papers they were served with in this case, thinking that the papers were related to the forcible detainer case. Dkt. No. 16-1.  Counsel informed the Defendants that they had been sued in federal court and would need to pay an additional retainer in order for him to represent them in state court. Id.  The Defendants "after some days," called him and paid the retainer. Id.  Counsel then failed to calendar the deadlines in this case, allowing the answer deadline to pass. Id.  Counsel's original affidavit did not include any dates for when these events occurred. Id.

On January 3, 2022, Bosco Credit filed a response. Dkt. No. 20.  Bosco Credit argued that the default was willful and that the Defendants lack a meritorious defense. Id.

On January 13, 2022, the Court ordered counsel for the Defendants to file an amended affidavit which included the dates of all contacts between himself and his clients, to allow the Court to ascertain whether the default was willful. Dkt. No. 22.

On January 20, 2022, counsel for the Defendants filed an amended affidavit. Dkt. No. 23.  He said that the Defendants brought him the service of process documents during the week of September 20, 2021. Id.  He said that they paid him the retainer to represent them in this case "on or about the 23rd of September 2021." Id.  Counsel stated that he contracted COVID-19 around September 25, 2021 and was "very ill" for the following two

3

weeks. Id. He stated that he "remained at home recuperating from this illness for approximately a total of about three or four weeks." Id. He stated that he has been diagnosed as a "COVID Long Hauler," and that the illness has contributed to memory issues. Id.

## II. Applicable Law

### A. Lifting Entry of Default

An entry of default is separate and distinct from the entry of a default judgment. Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200 (5th Cir. 1975). An entry of default is an entry by the Clerk of Court which establishes that a party has failed to plead or otherwise respond to the complaint. New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996). As such, the entry of default is a ministerial act, that is not dispositive of the merits of the claim. Howard v. Weston, 354 Fed. App'x. 75, 76 (5th Cir. 2009) (unpubl.) (per curiam).

"The court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). In order to determine if there is good cause to set aside the default, the Court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000). "In determining whether a meritorious defense exists, the underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Scott v. Carpanzano, 556 F. App'x 288, 296 (5th Cir. 2014) (citing In re OCA, Inc., 551 F.3d 359, 373 (5th. Cir. 2008)) (internal quotation marks omitted).

### B. Default Judgments

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After a defendant has defaulted, judgment shall be entered upon affidavit of the amount due if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. FED. R. CIV. P. 55(b). The

plaintiff must file an affidavit stating whether the defendant is in military service before the Court can issue a default judgment. 50 App. U.S.C. § 521(b)(1).

Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (citing Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n., 874 F.2d 274, 276 (5th Cir.1989)). The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co., 555 F.3d 422, 424 (5th Cir. 2009). The Court should consider "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

## IV. Analysis

The Court must consider two motions – the motion to lift the entry of default and the motion for default judgment – that pose some inter-related questions. The Court concludes that the motion to lift the entry of default should be denied; while the Defendants have shown that their failure to respond was not willful and will not prejudice the Plaintiff, they have not shown a meritorious defense. At the same time, the motion for default judgment should be granted because Bosco Credit has shown that it is entitled to relief.

### A. Motion to Lift Entry of Default

As previously noted, the Court considers (1) whether the default was willful; (2) whether setting it aside would prejudice the plaintiff; and (3) whether the Defendants present a meritorious defense. Lacy, 227 F.3d at 292.

#### 1. Willfulness

A default is considered to be willful if it is an "intentional failure" to respond to the litigation. A.P. Moller - Maersk A/S v. Safewater Lines (I) Pvt., Ltd., 784 F. App'x 221, 228 (5th Cir. 2019). The Court finds that there was no intentional failure in this case.

5

The Defendants were served on September 16, 2021. Dkt. Nos. 7, 8. By September 23, 2021, they had retained an attorney. Dkt. No. 23, p. 2. Counsel's illness and failure to calendar the deadline to file an answer was the cause of the default, rather than any intentional decision by the Defendants to decline to participate in the litigation.

District Courts have routinely found that counsel's failure to calendar the answer deadline is not a basis for finding that the default was intentional. The Children's Imagination Station v. Prime Ins. Syndicate, 2007 WL 3102183, at *1 (S.D. Miss. Oct. 22, 2007); Gamez v. Hosp. Klean of Texas, Inc., 2013 WL 1089040, at *2 (W.D. Tex. Mar. 14, 2013); Katavola v. HRchitect, Inc., 2013 WL 375490, at *2 (E.D. Tex. Jan. 30, 2013); McAnally v. Fid. & Guar. Life Ins. Co., 2008 WL 2229759, at *1 (N.D. Miss. May 28, 2008); BAMM Holdings, Inc. v. Plum Safety Aps, 2021 WL 4877660, at *2 (W.D. Tex. Sept. 15, 2021). This is because "[a]n inadvertent error by a party's counsel alone is not generally considered a willful act." Side by Side Redevelopment, Inc. v. City of New Orleans, 2010 WL 375237, at *2 (E.D. La. Jan. 25, 2010). Furthermore, counsel for the Defendants moved to lift the entry of default within 14 days of the default being entered. The Court finds that the default was not willful.

### 2. Prejudice

Lifting the entry of default would not prejudice Bosco Credit. There is no prejudice if the only harm is forcing the plaintiff to prove its case. Lacy, 227 F.3d at 293. Prejudice is present when the plaintiff shows that "the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Id. There has been no such showing in this case.

### 3. Meritorious Defense

It is as to this last point, where Defendants fail. "Even in the absence of willful neglect by the defendant or unfair prejudice to the plaintiff, a district court may have the discretion not to upset a default judgment if the defendant fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party." Lacy, 227 F.3d at 293. "[S]etting aside the default in the absence of a meritorious defense just

postpones the inevitable." Tango Marine S.A. v. Elephant Grp. Ltd., 19 F.4th 808, 812 (5th Cir. 2021).

The meritorious nature of this defense "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Jenkens & Gilchrist v. Groia & Co., 542 F.3d 114, 122 (5th Cir. 2008). In other words, the Court examines whether the defense, if accepted as true, would be sufficient to defeat the plaintiff's complaint. Id.

In this case, the Defendants assert two defenses. Dkt. No. 18, p. 2. The first is that when Bosco Credit sent the notices of foreclosure to the Defendants, the certified mail return cards contained fraudulent signatures. Bosco Credit entered the certified mail return cards into evidence in the forcible detainer action, which "tainted the non-judicial foreclosure" and created "a defense of illegality" to the foreclosure. The second defense is that the foreclosure litigation did not include all of the lien holders. Neither of these constitute a meritorious defense.

The first defense is somewhat convoluted – that the use of "fraudulent" documents in a now-dismissed forcible detainer case made the foreclosure illegal – but it is not meritorious.

Under Texas law, "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given." TEX. PROP. CODE § 51.002(d).

State law further states that "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." TEX. PROP. CODE § 51.002(e). In other words, the bank's duty is complete when the notice is placed in the mail, as opposed to when it is received by the debtor. There

is "no requirement that [the debtor] receive the notice." Martins v. Bac Home Loans Servicing, L.P., 722 F.3d 249, 256 (5th Cir. 2013)

The Defendants claim it was not their signatures on the certified mail notices. The issue of whether it was their signatures is immaterial. Bosco Credit performed its obligations under the law when it mailed the notice.

Furthermore, even assuming that the signatures were invalid, their introduction into evidence in the state court proceedings does not create a defense of illegality. Illegality is an affirmative defense under Texas law. TEX. R. CIV. P. 94. "If parties contract to undertake illegal activity, their contract is void and will not be enforced by a court." Signal Peak Enterprises of Texas, Inc. v. Bettina Invs., Inc., 138 S.W.3d 915, 920 (Tex. App. 2004). A court will presume that a contract is legal until proven otherwise. Franklin v. Jackson, 847 S.W.2d 306, 310 (Tex. App. 1993). The Defendants have produced no facts showing that the underlying contract between themselves and Bosco Credit is illegal. Thus, illegality would not be viable affirmative defense.

The second defense – that the lienholders were not properly joined – is also not meritorious. In this case, the foreclosure was undertaken by the "junior" lienholder, i.e. the one who held the second lien. Dkt. No. 16-2, p. 2. "Foreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed." Williams v. Nationstar Mortg., LLC, 349 S.W.3d 90, 95 (Tex. App. 2011). When Bosco Credit purchased the home at the non-judicial foreclosure sale, it accepted "liability for the payment of the prior mortgage and must therefore service the prior liens to prevent loss of the property by foreclosure of the prior liens." Id.

In other words, Bosco Credit bears responsibility for paying off the senior lien and runs the risk of being foreclosed upon if it fails to do so. There is no requirement that notice of the foreclosure be sent to the senior lienholder. See Rodriguez v. Ocwen Loan Serv, 306 F. App'x 854, 856 (5th Cir. 2009) ("[T]here is no legal requirement that personal notice of a foreclosure be sent to persons not parties to the deed of trust"). Thus, the lack of notice to the senior lienholder and the fact that the senior lienholder has not been made

a party to any of the foreclosure proceedings is immaterial. Again, this is not a meritorious defense.

Because the Defendants have not shown a potentially meritorious defense to this action, the motion to lift the entry of default should be denied. Tango Marine S.A., 19 F.4th at 814. The Court now turns to whether the motion for a default judgment should be granted.

### B. Default Judgment

Default judgment is procedurally warranted in this case. As set forth earlier, the Defendants have not shown that the entry of default should be overturned. Furthermore, Bosco Credit has submitted affidavits that neither of the Defendants are in military service. Dkt. No. 10-1, pp. 5-8.

Bosco Credit seeks two forms of declaratory relief: (1) trespass to try title and (2) writ of possession. Dkt. No. 1.

As to the trespass to try title action, Bosco Credit has sufficiently set forth facts entitling it to relief. To prevail in a trespass-to-try-title action, a plaintiff can succeed in one of four ways: "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." Deloach v. Stelly, 2020 WL 4689194, at *5 (Tex. App. Aug. 13, 2020).

The home was properly foreclosed upon. Bosco Credit has submitted an affidavit from Briana Young, the substitute trustee, which states that notice was sent to the Defendants, via certified mail, at least 21 days prior to the notice of sale. Dkt. No. 1-1, p. 59. This constitutes prima facie evidence of service. TEX. PROP. CODE § 51.002(e). The valid foreclosure sale extinguished the Defendants' interest in the property. Singha v. BAC Home Loans Servicing, L.P., 564 F. App'x 65, 72 (5th Cir. 2014). By purchasing the property at the foreclosure sale, Bosco Credit obtained superior title from a common source. Franklin v. BAC Home Loans Servicing, LP, No. 3:10-CV-1174-M, 2012 WL 2679496, at *10 (N.D. Tex. June 6, 2012), report and recommendation adopted, No. 3:10-CV-1174-M, 2012 WL 2688809 (N.D. Tex. July 5, 2012); Casstevens v. Smith, 269

S.W.3d 222, 235 (Tex. App. 2008). Thus, Bosco Credit is entitled to substantive relief on its claim of trespass to try title.

The Court should find that there no material issues of fact and that the Court would not consider "itself obliged to set aside the default on the defendant's motion." Lindsey, 161 F.3d at 893.

Because Bosco Credit is entitled to a default judgment on its trespass to try title claim, it is also entitled to a writ of possession. See Charter Oak Fire Insurance Co. v. Levine, 736 S.W.2d 927, 931 (Tex. App. 1987) ("where the plaintiff recovers possession of real property in a trespass to try title action, he is entitled to a writ of possession.").

Bosco Credit is entitled to a default judgment for the relief demanded in the pleadings. FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

## IV. Recommendation

For the reasons discussed above, the motion to lift the entry of default filed by Roman Gonzalez and Glenda Gonzalez should be denied. Dkt. No. 16.

It is further recommended that the motion for default judgment filed by Bosco Credit II should be granted. Dkt. No. 10.

The Court should issue a declaratory judgment, pursuant to 28 U.S.C. § 2201, as follows:

Any claim to ownership by Defendants Roman V. Gonzalez and Glenda D. Gonzalez of real property and improvements located in Cameron County, Texas, commonly known as 333 Valle Alto Drive, Los Fresnos, Texas, 78566 and legally described as:

LOT SEVEN (7), BLOCK SEVEN (7), VALLE ALTO EAST SUBDIVISION, PHASE THREE (3), CAMERON COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN CABINET 1, SLOTS 1850 (B) AND 1851 (A), MAP RECORDS OF CAMERON COUNTY, TEXAS

is invalid and of no force or effect.

In short, Bosco Credit II, LLC is the rightful owner of the above-listed property and title to the property is quieted in favor of Bosco Credit II, LLC.

Bosco Credit II, LLC is entitled to a writ of possession against Roman V. Gonzalez, Glenda D. Gonzalez, and any other occupier of the above-listed property.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting those findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except upon grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on January 26, 2022.

_____
Ronald G. Morgan
United States Magistrate Judge